## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                    No. CIV 12-0580 JB/LFG

2002 PONTIAC BONNEVILLE SE,
VIN NO. 1G2HX54K824115971

       Defendant,

and

MERCY MERCEDES CARRILLO and
AUDREY M. CARRILLO,

       Claimants.

### <u>MEMORANDUM OPINION</u>[1]

     **THIS MATTER** comes before the Court on the Letter from Mercy Carrillo to Judge James O. Browning Moving for Reconsideration of the Default Judgment and Order of Forfeiture, filed July 11, 2013 (Doc. 18)("Motion").  The Court construes Defendant Mercy M. Carrillo's Motion as a motion to reconsider the Court's entry of a default judgment.  The Court held a hearing on September 10, 2014.  The primary issue is whether the Court should grant the Motion and reconsider whether to enter a default judgment.  Finding that M. Carrillo does not make any arguments with a sound basis in the applicable law and in the facts of this case, and

---

[1]This Court entered an earlier Order disposing of the request in the Letter from Mercy Carrillo to Judge James O. Browning Moving for Reconsideration of the Default Judgment and Order of Forfeiture, filed July 11, 2013 (Doc. 18).  <u>See</u> Order, filed September 11, 2014 (Doc. 23).  The Court stated that it would "at a later date issue a Memorandum Opinion more fully detailing its rationale for this decision."  Order at 1, n.1.  This Memorandum Opinion is the promised opinion.

because the Plaintiff United States of America has already executed the judgment, the Court will deny the Motion.

## FACTUAL BACKGROUND

This case is a "civil action *in rem* for forfeiture of Defendant which has been located and will be arrested." Verified Complaint for Forfeiture In Rem ¶ 1, at 1, filed May 29, 2015 (Doc. 1)("Complaint"). The "res" or property that is the subject of this action is a "2002 Pontiac Bonneville SE VIN:1G2HX54K82411597" ("the vehicle"). Complaint ¶ 4, at 1. Both of the Defendants, M. Carrillo and Audrey M. Carrillo, a/k/a Audrey M. Chavez, may have an interest in the vehicle. See Complaint ¶ 5, at 2.

On January 5, 2012, Drug Enforcement Administration ("DEA") Agents and Task Force Officers ("TFO") executed a search warrant at M. Carrillo's residence. See Complaint ¶ 6, at 2. The "DEA Agents had observed Defendant Vehicle facilitating illegal drug transactions on several occasions." Complaint ¶ 8, at 2. While executing the warrant, the DEA agents and TFOs seized the Defendants' vehicle. See Complaint ¶ 7, at 2.

## PROCEDURAL BACKGROUND

The United States filed its Complaint on May 29, 2012. See Complaint at 1. It argues that the vehicle "is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substances." Complaint ¶ 9, at 2. Furthermore, the United States alleges that the vehicle is subject to arrest and forfeiture under 21 U.S.C. § 881(a)(6) because "it was furnished, or intended to be furnished, in exchange for an illegal controlled substance, or constitutes proceeds traceable to such an

exchange, or were used or intended to be used to facilitate a violation of the Controlled Substances Act."  Complaint ¶ 10, at 3.

The United States published a Notice of Forfeiture on June 2, 2012.  See Notice of Publication, filed September 18, 2012 (Doc. 8).  Under 21 U.S.C. § 983(a)(4)(A), any person claiming a legal interest in the property must file a verified claim with the Court within sixty days from the first day of publication, June 2, 2012, and an answer to the United States' complaint under rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter.  See 21 U.S.C. § 983(a)(4)(A).  The Defendants failed to claim any legal interest in the vehicle.

The United States filed its Praecipe on June 21, 2013.  See Praecipe, filed June 21, 2013 (Doc. 10).  In the Praecipe, the United States requested that the Court enter default judgment under rule 55(a) of the Federal Rules of Civil Procedure.  See Praecipe at 1.  The United States asserted that, on June 8, 2012, "the United States Attorney's Office, via certified mail, sent copies of the Verified Complaint for Forfeiture and the Notice of Complaint for Forfeiture and the Notice of Complaint for Forfeiture" to A. Carrillo, M. Carrillo, and Angela Arellanes, the attorney representing M. Carrillo in a criminal matter.  Praecipe ¶¶ 5-6, at 1-2.  The United States Attorney's Office received the signed return receipts from all of the addresses to which it sent the documents.  See Praecipe ¶¶ 5-7, at 1-2.  A. Carrillo "did not file a claim or an answer to the complaint."  Praecipe ¶ 5, at 1-2.  M. Carrillo "did not file a claim or an answer to the complaint," and Arellanes "did not file a claim or an answer to the complaint" on M. Carrillo's behalf.  Praecipe ¶¶ 6-7, at 2.  Because A. and M. Carrillo had not filed a claim or answer "within the time prescribed by law" and "the time to do so has expired," the United States sought an entry of default under rule 55(a).  Praecipe ¶ 9, at 2-3.

The United States moved for default judgment on June 21, 2013.  See United States'
Motion for Default Judgment, filed June 21, 2013 (Doc. 12).   The Court entered default
judgment on June 24, 2013.  See Default Judgment and Order of Forfeiture, filed June 24, 2013
(Doc. 17)("Default Judgment").   It ordered that "all right, title and interest in the Defendant
Vehicle is forfeited to the United States and title thereto is vested in the United States."  Default
Judgment at 1.

On July 1, 2013, the United States sent the Default Judgment to the United States
Marshals directing them to dispose of the forfeited vehicle.  See Transcript of Hearing at 2:18-24
(taken August 21, 2014)("Tr.")(Kotz).[2]  The United States served the Defendants with a notice
that the Defendants' vehicle had been sold at auction on August 29, 2013 for $1,212.00.  See
Acknowledgment of Service (dated August 30, 2013), filed January 22, 2014 (Doc. 19).

On July 11, 2013, M. Carrillo filed her Motion.  She states that she has an interest in the
vehicle and did not know she was able to get the vehicle back.  See Motion at 1.  She avers that
she needs the vehicle to drive her husband to doctors' appointments.  See Motion at 1.  The
Court held a hearing on August 21, 2014.  At the hearing, M. Carrillo admitted that the attorney
representing her in a criminal matter, Ms. Arellanes, informed her that she, Ms. Arellanes, would
not represent her in the civil matter.  See Tr. at 4:11-17 (M. Carrillo)("[M]y attorney had told me
that she wouldn't be able to help me on that because she wasn't getting paid on it.").

The United States informed the Court that, at the time M. Carrillo filed her Motion, the
vehicle had not been sold, but the United States had ordered the Marshals to sell it.  See Tr. at
3:23-25 (Kotz).  M. Carrillo told the Court that she truly needed the vehicle.  See Tr. at 4:20-22.
The United States contended that her need for the vehicle does not permit the Court to reconsider

_____

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

its ruling.  It argued that rule 55(c) of the Federal Rules of Civil Procedure provides that a court

may set aside a default judgment pursuant to a rule 60(b) motion.  <u>See</u> Tr. at 5:23-6:2 (Kotz).  It

asserted that, under rule 60, a motion to set aside a default judgment does not affect the

judgment's finality or suspend its operation.  <u>See</u> Tr. at 5:23-6:2 (Kotz).  The United States

therefore argued that the judgment here was properly executed, so the Court cannot upset the

judgment's finality.  <u>See</u> Tr. at 6:1-12 (Kotz).

       The Court expressed its sympathy for M. Carrillo's situation, but noted that she never

moved to stay or postpone the Court's judgment.  <u>See</u> Tr. at 9:6-15 (Court).  It stated that,

without moving to stay the case, the United States was entitled to execute the judgment.  <u>See</u> Tr.

at 10:3-13 (Court).  The Court stated that it had no vehicle to give to her because it had already

been sold.  <u>See</u> Tr. at 10:3-12 (Court).  Because the United States acted within its rights by

selling the vehicle, the Court stated that it would deny the Motion.  <u>See</u> Tr. at 10:11-13 (Court).

### <u>LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 59(e) AND 60</u>

       As the United States Court of Appeals for the Tenth Circuit has stated:

> Generally, a motion for reconsideration, not recognized by the Federal Rules of
> Civil Procedure, may be construed in one of two ways: if filed within [Rule 59's
> time limit] from the district court's entry of judgment, it is treated as a motion to
> alter or amend the judgment under Rule 59(e); if filed [too long after] entry of
> judgment [to satisfy Rule 59's deadline], it is treated as a motion for relief from
> judgment under Rule 60(b).

<u>Price v. Philpot</u>, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)(citations omitted)(internal quotation

marks omitted).  <u>See</u> <u>Computerized Thermal Imaging, Inc. v. Bloomberg. L.P.</u>, 312 F.3d 1292,

1296 (10th Cir. 2002).  "[A] motion for reconsideration of the district court's judgment, filed

within [rule 59's filing deadline], postpones the notice of appeal's effect until the motion is

resolved."  <u>Jones v. United States</u>, 355 F. App'x 117, 121 (10th Cir. 2009)(unpublished).  The

- 5 -

time limit in rule 59(e) is now twenty-eight days from the entry of a judgment. <u>See</u> Fed. R. Civ.

P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule

60 is not only a question of timing, but also "depends on the reasons expressed by the movant."

<u>Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.</u>, 680 F.3d 1194,

1200 (10th Cir. 2011).   Where the motion "involves 'reconsideration of matters properly

encompassed in a decision on the merits,'" a court considers the motion under rule 59(e).  <u>Phelps</u>

<u>v. Hamilton</u>, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting <u>Martinez v. Sullivan</u>, 874 F.2d

751, 753 (10th Cir. 1989)).   In other words, if the reconsideration motion seeks to alter the

district court's substantive ruling, then it should be considered a rule 59 motion and be subject to

rule 59's constraints.  <u>Phelps v. Hamilton</u>, 122 F.3d at 1324.  In contrast, under rule 60,

> [o]n motion and just terms, the court may relieve a party or its legal
> representatives from a final judgment, order, or proceeding for the following
> reasons:
>
> > (1)    mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)    newly discovered evidence that, with reasonable diligence, could
> > not have been discovered in time to move for a new trial under
> > Rule 59(b);
> >
> > (3)    fraud (whether previously called intrinsic or extrinsic),
> > misrepresentation, or misconduct by an opposing party;
> >
> > (4)    the judgment is void;
> >
> > (5)    the judgment has been satisfied, released or discharged; it is based
> > on an earlier judgment that has been reversed or vacated; or
> > applying it prospectively is no longer equitable; or
> >
> > (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court
> when the motion merely advances new arguments, or supporting facts which were
> available at the time of the original motion. . . . Grounds warranting a motion to
> reconsider include (1) an intervening change in the controlling law, (2) new
> evidence previously unavailable, and (3) the need to correct clear error or prevent
> manifest injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position,

or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d at 1012.  A district court has

considerable discretion in ruling on a motion to reconsider.  See Phelps v. Hamilton, 122 F.3d at

1324.

Rule 60 authorizes a district court to, "[o]n motion and just terms[,] . . . relieve a party or

its legal representative from a final judgment, order, or proceeding for the following reasons,"

including "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A court cannot enlarge

the time for filing a rule 59(e) motion.  See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347

(10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions);

Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000,

at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely

filing motions under Rule 59(e) . . . .").  "A motion under rule 59 that is filed more than 28 days

after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment."  12

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.11[4][b], at 59-32 (3d ed.

2012)(citations omitted).  Nevertheless, a court will not generally treat an untimely rule 59(e)

motion as a rule 60(b) motion when the party is seeking "reconsideration of matters properly

encompassed in a decision on the merits' contemplated by Rule 59(e)."  Jennings v. Rivers, 394

F.3d 850, 854 (10th Cir. 2005).

Under some circumstances, a party can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority.  See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").  Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or comply with deadlines.  See Yapp v. Excel Corp., 186 F.3d at 1231.  If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault.  See Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380, 394 (1993); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding that attorney carelessness is not a basis for relief under Rule 60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics.  See Cashner v. Freedom Stores, Inc., 98 F.3d at 577. This rule exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. at 397 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962))(internal quotation marks omitted).  The Tenth Circuit has held that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct," and has noted that those "who act through agents are customarily bound," even though, when "an

attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences." <u>Gripe v. City of Enid, Okla.</u>, 312 F.3d 1184, 1189 (10th Cir. 2002).

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted).  "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)."  Moore, <u>supra</u> § 60.48[2], at 60-182.  <u>Accord</u> <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 863 n.11 (1988)("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").  "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'"  <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. at 863.

Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief.  <u>See</u> <u>Ackermann v. United States</u>, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence.  Subsection 6 of Rule 60(b) has no application to the situation of petitioner.").  Legal error that provides a basis for relief under rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in <u>Van Skiver v. United States</u>:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by <u>Pierce [v. Cook & Co.</u>, 518 F.2d 720, 722 (10th Cir. 1975)(en banc)].  In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of

the same accident as that in which the plaintiffs . . . were injured." <u>Pierce v. Cook & Co.</u>, 518 F.2d at 723.  However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6).  <u>Collins v. City of Wichita</u>, 254 F.2d 837, 839 (10th Cir. 1958).

952 F.2d at 1244-45.

## <u>LAW REGARDING PRO SE LITIGANTS</u>

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the Plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

## <u>ANALYSIS</u>

Regardless whether M. Carrillo's claim is treated as a motion to reconsider under rule 59 or rule 60, the Court denies the Motion.  First, there are no grounds to support the Motion.  Rule 59(e) allows a court to "alter or amend a judgment" when the movant files within twenty-eight days of the court's judgment. Fed. R. Civ. P. 59(e).  M. Carrillo filed her Motion within twenty-eight days of the Court's entry of judgment. <u>See</u> Motion at 1.  She puts forth no sound reasons, however, to support her Motion that the Court reconsider its judgment.  There are four circumstances sufficient to justify the Court granting a motion to reconsider under rule 59(e): (i)

a change in the controlling law; (ii) new evidence; (iii) clear legal error; and (iv) manifest injustice.  See Fed. R. Civ. P. 59(e); Servants of the Paraclete v. Does, 204 F.3d at 1012.  None of those reasons exist here.  There has been no change in law, no new evidence, no clear error, and no manifest injustice.  See, e.g., Belhomme v. Gibson, 2015 WL 6393814, *4 (D.N.M. 2015)(Browning, J.)(denying a pro se defendant's motion for reconsideration).  Accordingly, the Court will not grant M. Carrillo's Motion under rule 59(e).

Second, rule 60 allows a court to "relieve a party or party's legal representative from a final judgment, order, or proceeding" for various reasons, including in cases of "mistake, inadvertence, or excusable neglect."  Fed. R. Civ. P. 60.  Again, M. Carrillo does not present reasons to support her Motion.  Although her argument was inconsistent at points, M. Carrillo admitted at the hearing that Ms. Arellanes, the attorney in her criminal matter, informed her that she would not represent her in the civil case.  See Tr. at 4:11-17 (M. Carrillo)("[M]y attorney had told me that she wouldn't be able to help me on [the civil matter] because she wasn't getting paid on it.").  Ms. Arellanes never entered an appearance.  See Tr. at 1:21-25 (Kotz).  Because her attorney told her that she would not represent her in the civil matter, there was no mistake to support relief from the judgment under rule 60.  See United States v. Lyman, 166 F.3d 349, *3 (10th Cir. 1998)(unpublished table decision)("Appellants' claim that they were inexperienced in matters of litigation and had difficulty obtaining counsel does not provide a valid reason for the delay.").

Finally, rule 55(c) provides that a court may set aside a default judgment under rule 60(b).  See Fed. R. Civ. P. 60(b).  Rule 60(b) governs the different factual scenarios in which a court may grant a motion, and rule 60(c) governs the time in which the movant must file.  See Fed. R. Civ. P. 60(b), (c).  Rule 60(c) states that the "motion does not affect the judgment's

finality or suspend its operation."  Fed. R. Civ. P. 60(c)(2).  Here, the Court entered default judgment, and the United States lawfully executed on the judgment.  The property at issue has been sold and forfeited.  <u>See</u> Tr. at 7:16-18 (Kotz).  The Defendants never moved to stay the case.  Because the United States obtained a lawful default judgment, it was acting within its rights, and was entitled to proceed and execute the judgment.

Rule 60(b) only "authorizes relief based on certain enumerated circumstances." <u>Broadway v. Norris</u>, 193 F.3d 987, 990 (8th Cir. 1999).  Rule 60(b) "is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal."  <u>Davis v. Simmons</u>, 165 F. App'x 687, 690 (10th Cir. 2006).  Consequently, a motion to reconsider pursuant to rule 60(b) is properly denied, for example, where the movants do "nothing more than reargue, somewhat more fully, the merits of their claim."  <u>Broadway v. Norris</u>, 193 F.3d at 990. <u>See</u> <u>Davis v. Simmons</u>, 165 F. App'x at 690; <u>Servants of Paraclete v. Does</u>, 204 F.3d at 1012. Here, M. Carrillo has made no arguments that would support the Court granting a rule 60 motion.  She solely seeks to re-litigate the merits because she asserts that she needs her car.  This need for the car is an improper basis on which grant a motion to reconsider.  People usually need what the law takes away from them, but that deprivation is not a basis to take away the plaintiff's legal rights to the property.

**IT IS ORDERED** that the request in the Letter from Mercy Carrillo to Judge James O. Browning Moving for Reconsideration of the Default Judgment and Order of Forfeiture, filed July 11, 2013 (Doc. 18), is denied with prejudice.

UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Damon P. Martinez
   United States Attorney
Stephen R. Kotz
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Mercy Mercedes Carrillo
Audrey M. Carrillo
Albuquerque, New Mexico

       *Claimants pro se*